UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JIMMY STROUD,

          Plaintiff,

v.

UNITED STATES OF AMERICA,

          Defendant.

CASE NO. 3:18-cv-05891-RJB

ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the United States' Motion for Summary Judgment. Dkt. 24. The Court has considered the pleadings filed regarding the motion and the remaining record.

On November 2, 2018, Plaintiff, acting *pro se*, filed this case, moved to proceed informa pauperis ("IFP") and provided a proposed complaint. Dkt. 1. In his Amended Complaint, the Plaintiff asserts that Heidi Terrio, M.D., a doctor at the Veterans Affairs Puget Sound Health Care System at American Lake in Tacoma, Washington ("VA"), negligently failed to properly diagnose a stomach ailment, which eventually led to his seeking treatment, and receiving an emergency surgery, at a civilian hospital. Dkt. 6. On December 3, 2018, the Plaintiff's

application to proceed IFP was granted. Dkt. 5. The United States was substituted as the Defendant. Dkt. 21.

The United States filed a motion for summary judgment on April 28, 2020, arguing that the case should be dismissed with prejudice. Dkt. 24. The Plaintiff was given a notification regarding the motion for summary judgment pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) on May 5, 2020 and the Motion for Summary Judgment was noted for consideration for May 22, 2020. Dkt. 29. The motion is now ripe for decision. For the reasons provided below, the motion for summary judgment (Dkt. 24) should be granted and the case dismissed.

## I.  FACTS

According to the Plaintiff, he joined the Army in 1978, was discharged in 1985, re-joined in 1985, and completed his service in 1994. Dkt. 25-3, at 3-5. He maintains that the Army's doctors diagnosed him with a bleeding ulcer and hernia in 1983 and scheduled him for surgery in 1985, but the surgery did not occur. *Id.,* at 3-7.

On March 7, 2016, a Licensed Practical Nurse at the VA conducted a "Health Promotion Screening" of the Plaintiff. Dkt. 25-1, at 67-71. His health was generally evaluated. *Id.* As is relevant here, he denied any changes in bowel movements, blood in his stool, "melena, or hematochezia." *Id.* at 70. He declined a colorectal cancer screening. *Id.,* at 71.

In connection with his claim for military disability benefits, on March 8, 2016, the Plaintiff underwent a compensation and pension (C&P) exam with Dr. Heidi Terrio at the VA to help assess Plaintiff's disability rating. Dkt. 25-1, at 23-64. (Dr. Terrio only performs C&P exams – she does not make the rating decision. Dkt. 26). At the time of the exam, the Plaintiff had a service-connected disability rating of 10% related to a lumbar strain. Dkt. 25-1, at 62. Dr. Terrio examined him in connection with his claims of service-connected erectile dysfunction, lumbosacral strain, left and right lower extremities radiculopathy, and cervical nerve damage to

both upper extremities. *Id.*, at 23-64.  She opined that Plaintiff had no subjective evidence of erectile dysfunction, but his right testicle was enlarged due to an indirect inguinal hernia, for which she found no objective evidence that it was service-connected. *Id*. at 61, 63-64.  Dr. Terrio found he had increased pain due to his service-connected lumbar strain and that his radiculopathy was secondary to that strain.  *Id*., at 62.  She did not find that his cervical pain was service-connected. *Id.,* at 63.

That day, Dr. Terrio ordered radiological imaging of the Plaintiff's spine, which was taken by the VA.  Dkt. 25-1, at 10-13.  After receiving the results of the imaging, Dr. Terrio called the Plaintiff and advised him to seek immediate attention from a primary care provider for cervical and lumbar spine issues and a right inguinal hernia. Dkt. 25-1, at 23.  The Plaintiff indicated that he had not sought care for his hernia or radiculopathy, did not have a primary care provider, but would find one.  *Id.*

The Plaintiff next returned to the VA for an optometry exam on June 8, 2016.  Dkt. 25-1, at 20-23.  It was unremarkable.  *Id.*

On October 28, 2016, around 7:30 a.m., the Plaintiff called the VA after-hours nursing telehealth line, reported having chills, alternating with sweat, for two days, a swollen abdomen, pain in the upper left abdomen, difficulty walking, diarrhea, and vomiting. Dkt. 25-1, at 19-20.  The Plaintiff was advised to seek evaluation within one to two hours in an emergency room. *Id.,* at 20.

The Plaintiff went to the VA emergency room that day at 8 a.m., complaining of stomach pain for the preceding two weeks and vomiting.  Dkt. 25-1, at 17.  He stated his last bowel movement was the week before and that he had gas pain. *Id.* Laboratory tests and abdominal x-rays were taken. *Id.* at 9-10; 14-16.

The Plaintiff returned home and, in a telephone call later that afternoon, the VA informed Mr. Stroud that his blood count was extremely low, he possibly had a gastrointestinal bleed, and that he

should go to the VA emergency room or a local hospital for further evaluation. Dkt. 25-1, at 18-19. During that call, he admitted to having black tarry stool. *Id.* at 18.

The next day, on October 29, 2016, the Plaintiff went to a civilian emergency room in Tacoma, Washington. Dkt. 25-1, at 2. He stated that he had not had a normal bowel movement for the past one to two weeks, had "burning epigastric abdominal pain," sweating chills, fever, generalized weakness, nausea, and vomiting. *Id.,* at 3. The Plaintiff indicated that he had gone to the VA the day before and had been informed that he was anemic, as well as having had an abdominal x-ray that was unremarkable. *Id.* He said he then went home, took a Zantac, and "had some relief." *Id.* He also reported having a black tarry stool that morning and denied a history of bleeding ulcers. *Id.*

Later, on October 29, 2016, he was examined again at the civilian hospital and reported a history of "diffuse abdominal pain" with bloating, nausea, and vomiting with black stools for the past 2 weeks. Dkt. 25-1, at 4. He stated the he "had a huge black bowel movement last year [but] did not think much about it as he felt well at the time, and that he got busy . . . ." *Id.,* at 5. He stated that he had been complaining of abdominal pain, nausea, and vomiting for at least two weeks. *Id*. The Plaintiff was noted to be very thin. *Id.* He reported he had been able to pass multiple stools but did not look at their appearance until eight days before, at which time he saw they were black. *Id.* He also denied a history of bowel problems before the prior year and acknowledged that he had never had a screening colonoscopy. *Id.* He was admitted to the hospital. *Id.*

The Plaintiff was discharged from hospital on November 1, 2016, with a final diagnosis of acute blood loss anemia, a non-bleeding gastric ulcer, as well as hernias. *Id*., at 7. On June 30, 2017, the Plaintiff had laparoscopic repair of inguinal, epigastric, and umbilical hernias. *Id.,* at 73-74.

In his Amended Compliant, the Plaintiff makes a single claim for negligence. Dkt. 6. The Unites States now moves for summary judgment. Dkt. 24. It argues that the Plaintiff cannot point to issues of fact that Dr. Terrio breached the standard of care. *Id.* It further argues that, to

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 4

the extent the Plaintiff is attempting to challenge his disability rating, this Court does not have subject matter jurisdiction over that claim. *Id.* Lastly, to the extent the Plaintiff asserts his injuries occurred and were not treated during his military service, his claims are precluded by doctrine announced in *Feres v. United States*, 340 U.S. 135 (1950) and, in any event, such claims would be time barred. *Id.*

The Plaintiff did not respond on the record to the motion for summary judgment. According to the United States, he emailed and faxed its counsel two letters. Dkt. 31. The United States filed those letters in the record here. Dkts. 31-1 and 31-2. In the interest of fully considering the case on the merits, the Court will consider these letters.

In the first letter, which appears to be signed by the Plaintiff, he asserts that he went to the VA hospital for his erectile disfunction and saw Dr. Terrio on October 28, 2016. Dkt. 31-1, at 2. He maintains that he told her that his "stomach was on fire." *Id.* He asserts that she looked at x-rays and asked if he had eaten collard greens lately. *Id.* The Plaintiff claims that he said "no," and asked for relief but the hospital and staff ignored him. *Id.* The Plaintiff asserts that he went to Tacoma General Hospital the next day, was admitted and received surgery for a bleeding ulcer. *Id.* The Plaintiff claims that Dr. Robert Stoeker told him that if he had arrived 15 minutes later, he would have died. *Id.*

In the second letter, purportedly signed by an Emily Anderson, Ms. Anderson states that she was with the Plaintiff at the VA hospital on October 28, 2016 and saw the VA staff refusing to treat him. Dkt. 31-2, at 2. She states that she was also at Tacoma General Hospital and repeats that Dr. Robert Stoeker told the Plaintiff that if he had arrived 15 minutes later, he would have died. *Id.*

Neither letter complies with Fed. R. Civ. P. 56.

The United States filed a reply (Dkt. 30) and the motion is ripe for review.

## II.   DISCUSSION

### A.  MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will

discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### B. FEDERAL TORT CLAIMS ACT AND PLAINTIFF'S CLAIM FOR NEGLIGENCE

The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1). The FTCA is a limited waiver of sovereign immunity, rendering the United States liable for certain torts of federal employees. See 28 U.S.C. § 1346(b). The FTCA provides,

> Subject to the provisions of chapter 171 of this title, the district courts, . . ., shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Under Washington law, to establish a claim for negligence, "a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause*." Ranger Ins. Co. v. Pierce Cty*., 164 Wn.2d 545, 552 (2008)(*internal quotation marks and citations omitted*).

At issue in the instant motion is whether the Plaintiff can point to issues of fact as to the second element:  whether Dr. Terrio or the VA breached their duty to the Plaintiff – that is whether they breached the standard of care.  In Washington, "generally, expert testimony is necessary to establish the standard of care for a health care provider in a medical malpractice

action." *Miller v. Jacoby*, 145 Wn.2d 65, 72 (2001). The Plaintiff provides no expert testimony here.

The United States' Motion for Summary Judgment (Dkt. 24) should be granted. The Plaintiff has failed to point to any evidence that Dr. Terrio or the VA breached their duty to the Plaintiff. Further, the Plaintiff has failed to demonstrate that his injuries were caused by Dr. Terrio or the VA. Even considering the letters the United States filed for the Plaintiff (Dkts. 31-1 and 31-2) the Plaintiff does not carry his burden on either element under Fed. R. Civ. P. 56. His FTCA claim should be dismissed.

### C. OTHER GROUNDS FOR RELIEF

The Amended Complaint (Dkt. 6) does not appear to seek other grounds for relief. Although Plaintiff's deposition testimony seems to indicate that he thought he was asserting additional grounds for relief, such claims – like a challenge to his disability rating or damages from medical care he thought he should have received for injuries sustained while he was on active duty - do not appear in the Amended Complaint. Further, the United States' grounds for dismissal of such claims have merit. To the extent the Plaintiff is attempting to challenge his disability rating, this Court does not have subject matter jurisdiction over that claim. *Tietjen v. U.S. Veterans Admin.*, 884 F.2d 514, 515 (9th Cir. 1972). To the extent the Plaintiff asserts his injuries occurred and were not treated during his military service, his claims are precluded by the *Feres* doctrine. *Feres v. United States*, 340 U.S. 135, 146 (1950). Also, claims for injuries that occurred before his last date of service in 1994 are time barred by the two-year statute of limitations. *See* 28 U.S.C. § 2401(b). This case should be dismissed with prejudice.

### III. ORDER

**IT IS ORDERED THAT:**

- The United States' Motion for Summary Judgment (Dkt. 24) **IS GRANTED**; and

- This case **IS DISMISSED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of May, 2020.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 9